Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:     (401) 217-2299

*Attorney for Plaintiff*
*Ariana Wood*

*(sidebar)* **ODU LAW FIRM, LLC** 888 RESERVOIR AVENUE, FLOOR 2 CRANSTON, RI 02910 (401) 209-2029

## UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

ARIANA WOOD, an individual,

        *Plaintiff,*

   v.

BROWN UNIVERSITY, *alias*,

        *Defendant.*

Case No. _____

**COMPLAINT FOR:**

1. **Violation Of Title VII Of The Civil Rights Act Of 1964, 42 U.S.C. § 2000e *et seq.*;**
2. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*;**
3. **Violation of the Rhode Island Civil Rights of People With Disabilities Act, R.I. Gen. Laws § 42-87-1 *et seq.*;**
4. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*;**
5. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.*;**
6. **Violation of the Family Medical Leave Act, 29 U.S.C. §2614 *et seq.*; and**
7. **Violation of the Rhode Island Parental and Family Medical Leave Act, R.I. Gen. Laws § 28-48 *et seq.***

**<u>DEMAND FOR JURY TRIAL</u>**

## TABLE OF CONTENTS

**Page**

SUMMARY OF THE ACTION .......................................................................................1

PARTIES ......................................................................................................................1

JURISDICTION ...........................................................................................................2

VENUE .........................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS...............................2

       Ariana Joins Brown University and Is Promoted on Several
          Occasions Due to Her Exemplary Performance ..........................2

       Ariana's Probationary Period for Her New Position is Extended
          Because She Took Sick Time and Issues Start to Escalate...........3

       Ariana Goes on FMLA Leave To Treat Her Anxiety and Is
          Terminated by Brown University ..................................................5

       Ariana Exhausts Her Administrative Remedies and Brings This
          Action...........................................................................................5

CLAIMS FOR RELIEF ................................................................................................6

PRAYER FOR RELIEF ..............................................................................................12

DEMAND FOR JURY TRIAL ...................................................................................13

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

EMPLOYMENT DISCRIMINATION COMPLAINT

## COMPLAINT

## SUMMARY OF THE ACTION

1.      Plaintiff Ariana Wood ("Ariana") brings this action against Defendant Brown University ("Brown" or "Defendant") to assert her rights and remedy grave and rampant discriminatory violations committed by Defendant over the course of several months.  Ariana is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; the Rhode Island Civil Rights of People With Disabilities Act ("RICRPDA"), R.I. Gen. Laws § 42-87-1 *et seq*.; the Rhode Island Fair Employment Practices Act ("RI FEPA"), R.I. Gen. Laws § 28-5-1 *et seq*.; the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq*.; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614 *et seq*.; and the Rhode Island Parental and Family Medical Leave Act ("RI PFMLA"), R.I. Gen. Laws § 28-48 *et seq*. Ariana hereby alleges as follows:

## PARTIES

2.      Plaintiff Ariana Wood is a citizen and resident of Pawtucket, Rhode Island.

3.      At all times relevant herein, Ariana was employed by Defendant in the State of Rhode Island.

4.      Defendant Brown University is an educational institution organized and incorporated under the laws of the State of Rhode Island and maintains its principal place of business at 1 Prospect Street, Providence, Rhode Island 02912.

5.      At all times relevant herein, Defendant was Ariana's "employer" within the meaning of all relevant statutes.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## JURISDICTION

6.      The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Ariana asserts claims arising under federal law.  Specifically, this action arises, *inter alia*, under the ADA, 42 U.S.C. § 12101 *et seq.*, and the FMLA, 29 U.S.C. § 2614 *et seq*.

7.      The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

8.      The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because it has its principal place of business within this District, and it has sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Rhode Island and Defendant conducts business in Rhode Island. Therefore, Defendant is deemed to reside in this District.

10.      Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Ariana Joins Brown University and Is Promoted on Several Occasions Due to Her Exemplary Performance

11.      Ariana is a woman of color, who on July 15, 2016, joined Brown University as a cage wash technician.

12.      On December 9, 2017, she was promoted to animal care technician.

2

EMPLOYMENT DISCRIMINATION COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

13.    On April 6, 2022, Ariana was again promoted to a new position at Brown University as a Research Service Technician. In this position, Ariana had to work in a small office with another technician, Kori Botelho ("Kori"), their manager Lauren Sousa ("Lauren"), and the veterinarian who oversaw their services, Susanna Kurnick ("Susanna"). This department was fairly new and very much hands-on, "learn as you go", with limited opportunities for training.

14.    Indeed, at the beginning of Ariana's probationary period, both Kori and Lauren were available to train her. But that only lasted a couple of weeks because later they both went on vacation and sick leave and Ariana was left by herself in charge of everything. During that time, Ariana was told by Susanna that she was doing a great job.

**Ariana's Probationary Period for Her New Position is Extended Because She Took Sick Time and Issues Start to Escalate**

15.    On July 1, 2022, Ariana received a raise for effective work ethic. This confirmed Ariana's performance had continued to excel in this new role.

16.    Early in July 2022, Ariana's probationary period for her new position as Research Service Technician was supposed to end. However, she was told that her probationary period was being extended because Ariana had taken sick time off on or around July 8, 2022. Ariana had never been told that taking sick time off was not allowed during her probation meeting.

17.    On or around July 18, 2022, Lauren printed out copies of an e-mail Ariana had sent through a shared work email address. Even though Lauren deleted Ariana's name, it was easily traceable. At that time, Lauren told Ariana's coworker to use that e-mail as an example of how not to format an e-mail. This was embarrassing and frustrating because Ariana had never been offered training on how to structure an email properly, and also because Lauren did not approach Ariana with constructive criticism, but rather ignored Ariana's many years of experience and used her as an example of what not to do in the workplace.

18.    On July 27, 2022, Lauren discussed with the team for the first time the importance

3

EMPLOYMENT DISCRIMINATION COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

of not leaving samples out for a duration of time. At this meeting, Lauren stressed the importance of bringing genotype samples directly to the research refrigerator. Ariana knew that this was targeted at her because she had left sampled on her desk on the day prior to this meeting, as her coworkers also did. Until then, this rule had never been discussed with Ariana, so she understood and agreed not to do so again.

19.    On July 28, 2022, Ariana asked to speak with Lauren about concerns in the workplace. To her surprise, when she walked into the meeting, the department's director, Lara Helwig ("Lara"), was present as well. Ariana began explaining multiple instances of harassment in the workplace. Lara, however, told Ariana that speaking to Human Resources at Brown University would be a waste of time because Human Resources already knew what was going on.

20.    On August 1, 2022, to her surprise, Ariana received a written warning listing genotype samples that were found on her desk *prior* to July 27, 2022, the date when Lauren trained the team on the importance of bringing samples to the refrigerator and not leaving them on the desks. Of note, according to Brown University's own policy, employees first receive a verbal warning and then a written one. For Ariana, Brown decided to skip the verbal warning altogether.

21.    A day or two after Ariana's Written Warning, Ariana met with Michelle O'Brien ("Michelle"), who was a Human Resource employee, to discuss Ariana's concerns about harassment and to point out that the only difference between her and her coworkers was that she is a person of color. She had previously tried to do so with Lauren and Lara, but to no avail. In that meeting, Ariana told Michelle about the racist remarks that were said in front of her about Junior, who was Haitian, and Stan, who was African. For example, on one occasion, Junior mistakenly changed a mouse cage when Lauren had instructed him not to. At that time, Lauren said "Maybe I need Stan to translate." When Ariana clarified that Stan and Junior were not the same ethnicity, Lauren simply laughed it off. Other instances included a time when the facilities manager made a comment during a team building which involved rolling a wooden ball on the table stating "Ariana

4

should be good at this. Clearly, she has been playing with balls." In yet another occasion, while Ariana was on break searching for items for her baby shower, this same facility manager asked what Ariana was doing and a white coworker responded Ariana was "searching for ghetto Black people baby shower stuff." To this, this manager laughed.

22.     On August 4, 2022, Ariana followed up via email to Michelle asking what was going to be done about her workplace concerns.

### Ariana Goes on FMLA Leave To Treat Her Anxiety and Is Terminated by Brown University

23.     The harassment and discrimination escalated to the point where Ariana was suffering physically from it. Ariana spoke with her primary care doctor, Dr. Douglas Blecker, and he prescribed FMLA leave to treat her mental health issues.

24.     On August 24, 2022, Ariana began her FMLA leave to treat her anxiety.

25.     Ariana's FMLA leave was extended three times, the last of which was until November 23, 2022. *See* Exhibit 1, Doctor's Note.

26.     Throughout the leave, Lauren and Susanna emailed and contacted Ariana nonstop. Indeed, towards the end of her employment, Ariana was required to fill out a request for accommodation to protect her job, and she promptly did so.

27.     On November 22, 2022, Ariana was terminated from her employment due to alleged work performance issues. This came as a surprise because Ariana had been on approved medical leave since August 24, 2022. The last time her performance was discussed was when Brown bypassed issuing a verbal warning to issue her a written warning, which occurred within a week after she raised July 28, 2022, complaints to her superiors. Prior to that, the last time her performance was discussed was on July 1, 2022, when she earned a salary raise.

### Ariana Exhausts Her Administrative Remedies and Brings This Action

28.     On or about May 3, 2024, Ariana filed a Charge of Discrimination with the Rhode

O D U  L a w  F i r m ,  L L C
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

5

EMPLOYMENT DISCRIMINATION COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC"). In particular, Ariana alleged that Defendant discriminated against her based on her race and disability and retailed against her for raising concerns of discrimination and harassment in the workplace and for engaging in protected activities, including taking medical leave and raising complaints of disparate treatment in the workplace.

29.     On October 30, 2024, in accordance with R.I. Gen. Laws § 28-5-24.1(c), Ariana elected to terminate all proceedings before the RICHR and the EEOC, and instead assert her rights and remedy Brown's violations in Court. Ariana had remained at the Commission for at least the requisite number of days (90) and notified interested parties of her intent to file in Court. Ariana has therefore timely and properly exhausted administrative remedies and has satisfied all pre-conditions to the filing of this action.

## CLAIMS FOR RELIEF

30.     Ariana realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

### First Claim for Relief

*Race Discrimination – Violation Of Title VII Of The Civil Rights Act Of 1964,*

*42 U.S.C. § 2000e et seq.*

31.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Ariana's race. Ariana was qualified to perform the essential job functions, yet Defendant subjected her to disparate corrective actions and was disciplined differently than similarly situated white co-workers, including the unjust and unlawful termination of her employment on account of her race, in violation of Title VII, thereby causing Ariana to suffer damages as aforesaid.

EMPLOYMENT DISCRIMINATION COMPLAINT

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Second Claim for Relief**

*Race Retaliation  – Violation Of Title VII Of The Civil Rights Act Of 1964,*

*42 U.S.C. § 2000e et seq.*

32.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment retaliation based on Ariana's engagement in a protected activity (i.e., complaining about race discrimination).  Ariana complained about disparate treatment at Defendant based on her race, and then was subjected to corrective actions including having a meeting with management where she was written up (bypassing a verbal warning and for instances that occurred prior to her being trained on the proper procedure to handle samples), in violation of Title VII, thereby causing Ariana to suffer damages as aforesaid.

**Third Claim for Relief**

*Disability Discrimination – Violation of the Americans with Disabilities Act of 1990,*

*42 U.S.C. § 12101 et seq.*

33.     Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, engaged in unlawful conduct by discriminating against Ariana because of her disability, in violation of the ADA, 42 U.S.C. § 12112. Ariana was disabled under the definition of the ADA because of her anxiety which substantially limits her major life activities. Anxiety is a mental health condition that is recognized as a disability under the ADA. Ariana was able to perform the essential functions of her job with a reasonable accommodation in the form of medical leave. In violation of the ADA, Defendant terminated Ariana because of her disability and/or her  request for reasonable accommodation, while she was still on medical leave, thereby violating the ADA and causing Ariana to suffer the damages aforesaid.

EMPLOYMENT DISCRIMINATION COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Fourth Claim for Relief**

*Disability Retaliation – Violation of the Americans with Disabilities Act,*

*42 U.S.C. § 12101 et seq.*

34.    Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, engaged in unlawful conduct by retaliating against Ariana for engaging in protected activity (i.e., requesting medical leave to treat her mental health disability). Ariana was terminated shortly after engaging in such protected activities, while she was still out of medical leave, thereby violating the ADA and causing Ariana to suffer the damages aforesaid.

**Fifth Claim for Relief**

*Violation of the Rhode Island Civil Rights of People With Disabilities Act,*

*R.I. Gen. Laws § 42-87-1 et seq.*

35.    Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Ariana's disabilities (i.e., her anxiety). Ariana was qualified to perform the essential job functions yet, despite Ariana's good performance, Defendant took an adverse employment action against her on account of her disability and terminated her employment, in violation of the RICRPDA. Ariana was subjected to adverse employment actions due to her disabilities, causing Ariana to suffer damages as aforesaid.

**Sixth Claim for Relief**

*Race Discrimination – Violation of the Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

36.    Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by discriminating against Ariana because of her race, in violation of FEPA, Mass. Gen. Laws. c. 151B § 4. Ariana was

EMPLOYMENT DISCRIMINATION COMPLAINT

treated disparately in the way she was disciplined differently than her white counterparts, thereby causing her to suffer the damages aforesaid.

**Seventh Claim for Relief**

*Race Retaliation – Violation of the Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

37.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by retaliating against Ariana from raising complaints about race discrimination in the workplace, in violation of FEPA, thereby causing her to suffer the damages aforesaid.

**Eighth Claim for Relief**

*Disability Discrimination – Violation of the Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

38.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by discriminating against Ariana because of her disability, or handicap, in violation of FEPA, Mass. Gen. Laws. c. 151 § 4(16). Ariana was handicapped under FEPA's definition because she has anxiety which substantially limits major life activities. *See* Mass. Gen. Law. c. 151B § 1. Anxiety is a mental health condition that is recognized as a handicap under FEPA. Ariana was able to perform the essential functions of her job with a reasonable accommodation in the form of medical leave, however, in violation of the FEPA, Defendant terminated Ariana because of her disability and/or her request for reasonable accommodation, thereby causing her to suffer the damages aforesaid.

**Ninth Claim for Relief**

*Disability  Retaliation – Violation of the Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

39.     Defendant, by its individual and/or concerted acts and/or omissions, including, but

9

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

not limited to those described herein, engaged in unlawful conduct by retaliating against Ariana for requesting a reasonable accommodation in the form of medical leave. Defendant's actions violated FEPA and deprived Ariana of rights secured under this Act, thereby causing her to suffer the damages as aforesaid.

## Tenth Claim for Relief

*Race Discrimination – Violation of the Rhode Island Civil Rights Act,*

*R.I. Gen. Laws § 42-112-1 et seq.*

40.    Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on Ariana's race within the meaning of the RICRA, and thereby otherwise deprived Ariana of her rights secured under RICRA, causing Ariana to suffer damages as aforesaid.

## Eleventh Claim for Relief

*Disability Discrimination – Violation of the Rhode Island Civil Rights Act,*

*R.I. Gen. Laws § 42-112-1 et seq.*

41.    Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on Ariana's disabilities within the meaning of the RICRA, and thereby otherwise deprived Ariana of her rights secured under RICRA, causing Ariana to suffer damages as aforesaid.

## Twelfth Claim for Relief

*FMLA Interference – Violation of the Family Medical Leave Act,*

*29 U.S.C. § 2614, et seq.*

42.    From August  24, 2022 to November 23, 2022, Ariana was under FMLA medical leave due to the anxiety she was experiencing as a consequence of the hostile work environment she was subjected to at Brown University. Pursuant to FMLA, "any employee shall be entitled on return "(…) to be restored by the employer to the position of employment held by the employee

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

EMPLOYMENT DISCRIMINATION COMPLAINT

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

when the leave commenced." 29 U.S.C. § 2614 (a)(1)(A).  Additionally, "(…) the taking of leave under section 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." 29 U.S.C. § 2614 (a)(2). Ariana was entitled and covered by the FMLA when she took her leave and was protected from interference in the form of nonstop emails and texts from her supervisors, Lauren and Susanna. In not allowing Ariana to have uninterrupted FMLA leave, Brown University infringed with her rights under the FMLA.

### Thirteenth Claim for Relief

*FMLA Retaliation – Violation of the Family Medical Leave Act,*

*29 U.S.C. § 2614, et seq.*

43.    Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by retaliating against Ariana for engaging in a protected activity under the FMLA. Ariana was entitled and covered by the FMLA when she took her medical leave but, while Ariana was on leave, Defendant terminated her employment for alleged performance issues, thereby causing Ariana to suffer the damages aforementioned.

### Fourteenth Claim for Relief

*RI PFMLA Interference – Violation of the Rhode Island Parental and Family Medical Leave Act,*

*R.I. Gen. Laws § 28-48 et seq.*

44.    From August 24, 2022 to November 23, 2022, Ariana was under RI FMLA medical leave due to the anxiety she was experiencing as a consequence of the hostile work environment she was subjected to at Brown University. Pursuant to RI PFMLA, and Brown University's Family Medical Leave Act and Rhode Island Parental and Family Medical Leave policy[1], an employee is entitled to thirteen (13) consecutive work weeks of PFMLA leave in any two (2) calendar years.

---

[1] *See* https://policy.brown.edu/policy/parental-and-family-medical-leave

EMPLOYMENT DISCRIMINATION COMPLAINT

Ariana was entitled and covered by the RI PFMLA when she took her leave and was protected from interference in the form of nonstop emails and texts from her supervisors. In not allowing Ariana to have uninterrupted RI PFMLA leave, Brown University infringed with her rights under the RI PFMLA.

### Fifteenth Claim for Relief

*RI PFMLA Retaliation – Violation of the Rhode Island Parental and Family Medical Leave Act, R.I. Gen. Laws § 28-48 et seq.*

45.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by retaliating against Ariana for engaging in a protected activity under the RI PFMLA. Ariana was entitled and covered by the RI PFMLA and Brown's own policy when she took her medical leave but, while Ariana was on leave, Defendant terminated her employment for alleged performance issues, thereby causing Ariana to suffer the damages aforementioned.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the Title VII, the ADA, the RI FEPA, the RICRA, the FMLA, the RI RPWDA and the RI PFMLA;

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make

EMPLOYMENT DISCRIMINATION COMPLAINT

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Ariana whole for all earnings and benefits Ariana would have received but for the violations;

D.  An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Ariana is entitled;

E.  An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: November 19, 2024

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
ARIANA WOOD**

# EXHIBIT 1



**Department of Labor and Training**
**RHODE ISLAND**

**Temporary Disability Insurance Division**
P.O. Box 20100, Cranston, RI 02920
Phone: 401-462-8420 | Fax 401-462-8466
TTY Via RI Relay 711

## Clinical Update Form

### Please have your QHP Complete this form within ten working days of 11/16/2022

Please Mail or Fax to the above Information. If more than one doctor is treating you, make copies of this form.

ARIANA WOOD

PAWTUCKET, RI 02860

S.S.#: ▮▮▮▮  D.O.B. ▮▮▮▮

PRINT QHP Name: Douglas Blecker

QHPs Address: 118 Dudley Street

QHPs Address: Prov RI 02905

### Please have your Qualified Healthcare Provider (QHP) (physician) complete all questions below:

Patient has received TDI benefit payments for 11 weeks ending on 11/05/22

**If the above claimant is _able to perform their regular and customary work_ while being treated for the current illness / injury and he / she does not have a job to return to, please indicate a recovery date. He / She may be eligible for Unemployment Insurance benefits.**

1. Patient's current diagnosis: _Anxiety_

2. The most recent examination of this patient was on: Month: _11_ Day: _2_ Year: _22_

3. If Pregnancy, expected delivery date: ___/___/___ Actual delivery date: ___/___/___

   Type of delivery:    ☐ Vaginal    ☐ C-section

   Any pregnancy complications?    Please check one: Pre- ☐  or Post-partum ☐  or No Complications ☐

   The Complications are: _____

4. In order to continue benefit payments, please support continued disability by providing the following:

   A) Complications?    Yes ☑  No ☐
      If YES, describe _Slowly improving, focus is better_

   B) Limitations?    Yes ☐  No ☐
      If YES, describe _____

   C) Has patient been referred for diagnostic testing, therapy or surgery?    Yes ☑  No ☐
      If YES, describe _CBT_

5. From this date 11/05/22 patient will be unable to work for (REQUIRED) _3_ WEEKS.

6. Can patient return to work on a full-time basis?    Yes ☐  No ☑
   If YES, as of what date? Month: ___ Day: ___ Year: ___ (Please note; claim will be denied any further benefits)

7. Can patient return to work to less than his/her normal hours of work?    Yes ☐  No ☑
   If YES, as of what date? Month: ___ Day: ___ Year: ___ How many hours per week: ___

For how many _weeks_ is patient able to work less than his/her normal hours: _____

Having considered the patient's regular and customary work, I certify that based on my examination, this medical certification accurately describes the patient's illness / injury and the period of time(if any) the patient is unable to work. I certify under penalty of perjury the above statements are true. I understand that if I make any false statements or fail to disclose facts, with intent to defraud the TDI Program, I shall upon conviction be punished to the full extent allowed by law including fine and or imprisonment.

I further certify that I am a _Physician_ . _Int. Med_ License #: _11204_
(Type of Qualified Healthcare Provider (QHP))    (Specialty)

QHP's Name: _Douglas Blecker_    Phone #: _459·0230_    Fax#: _459·0231_

QHP's Signature: _____    Date: _11/17/22_

Please note: TDI is not responsible for costs incurred of copying medical records or completing medical forms. Any cost incurred is the responsibility of the claimant

PAYMENT WILL BE DELAYED IF INFORMATION IS NOT PROVIDED TO SUPPORT DISABILITY DURATION.

An Equal Opportunity Employer / Program. Auxiliary aids and services are available upon request for individuals with disabilities