UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARIANA WOOD,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br>    Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 24-483-JJM-PAS<br>)<br>)<br>)<br>) |

ORDER

Ariana Wood filed a fifteen-count Complaint arising out of her employment with Brown University. Brown moved to partially dismiss the Complaint. ECF No. 10.[1] In response to the motion, Ms. Wood "concedes to the dismissal due to untimeliness of Counts I through IX." ECF No. 9 at 5. In reply, Brown withdrew its motion as to Counts 10 and 11. ECF No. 10 at 1. So, Counts 5, 10, and 11 go forward as unchallenged legally, and the motion to dismiss now concerns only Counts 12-15, which involve the federal Family and Medical Leave Act (FMLA) and the state equivalent, the Rhode Island Parental and Family Medical Leave Act (RIPFMLA).[2]

---

[1] Brown did not move to dismiss Count 5—Violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1 et seq. ECF No. 1 at 10.

[2] The elements of the federal and state family and medical leave act statutes are "essentially the same elements as the corresponding federal laws" and the "disposition of the federal claims likewise disposes of the parallel state law claims." *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 n.1 (1st Cir. 1998). The Court will refer to both state and federal acts here as FMLA.

Ms. Wood began working at Brown in 2016 as a cage wash technician, and she was ultimately promoted to research service technician in April 2022.[3] ECF No. 1 at 4-5. Because harassment and discrimination escalated so much that Ms. Wood was suffering physically from it, in August 2022 she went out on FLMA as prescribed by her doctor to treat her mental health issues. Ms. Wood's FMLA leave was extended three times, the last of which was until November 23, 2022. *Id.* at 7. Throughout the leave, Ms. Wood's supervisors contacted her via text and email "nonstop." *Id.* Toward the end of her employment, Brown required Ms. Wood to fill out a request for accommodation to protect her job, and she did so. *Id.* On November 22, 2022, Brown terminated Ms. Wood's employment due to alleged work performance issues. The last time Brown discussed Ms. Wood's performance was when it bypassed issuing a verbal warning to instead issue a written warning, which occurred within a week after she raised complaints to her superiors. Prior to that, the last time Brown discussed Ms. Wood's performance was when she earned a salary raise. *Id.*

## *Counts 12 and 14: 12(b)(6) Motion*

In order to make out a prima facie case of FMLA interference, Ms. Wood must show that (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave her employer notice of her intention to take leave; and (5) her employer denied her FMLA benefits to which she was entitled. *See Carrero-Ojeda v. Autoridad de Energía*

---

[3] Because the Motion to Dismiss now only concerns the FLMA claims, the facts told here are limited to that claim and are taken from the Complaint, along with all reasonable inference as true.

2

*Eléctrica*, 755 F.3d 711, 722 n.8 (1st Cir. 2014); *Chacon v. Brigham and Women's Hosp.*, 99 F. Supp. 3d 207, 213 (D. Mass. 2015). "The key issue is simply whether the employer provided its employee the benefits to which she was entitled per the FMLA." *Carrero-Ojeda*, 755 F.3d at 71; *see also Germanowski v. Harris*, 854 F.3d 68, 73 (1st Cir. 2017).

An employee can make out an FMLA interference claim if the employer grants leave but still requires the employee to be "on call" or to "work while on leave." *See Staples v. Verizon Data Servs., LLC*, No. 18-CV-40208-ADB, 2021 WL 1989952, at *5 (D. Mass. May 18, 2021).

> At summary judgment, courts have drawn the line along a distinction between, on the one hand, receiving nondisruptive communications such as short phone calls requesting the employee to pass on institutional knowledge or property as a professional courtesy, and, on the other, requiring the employee to complete work-related tasks or produce work product. *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1158–59 (8th Cir. 2016); *see Persson*, 2019 WL 917205, at *18 (granting summary judgment in employer's favor where employee alleged only that she received a handful of work-related phone calls during her FMLA leave).

*Id.*

Ms. Wood alleges in her Complaint that her supervisors at Brown contacted her "nonstop" with texts and emails during her FMLA leave and that Brown terminated her while on protected leave. ECF No. 1 at 7, ¶ 26-27. Ms. Wood has plausibly alleged with reasonable inferences that Brown interfered with her FLMA such that she can, at this stage, maintain her claim. Thus, the Complaint plausibly alleges that Brown interfered with Ms. Wood's FMLA and RIPFMLA rights by not

providing her with uninterrupted and protected leave and that it discouraged her from fully exercising her rights. Thus, the Court DENIES Brown's Motion to Dismiss Counts 12 and 14. ECF No. 8.

### *Counts 12-15: Statute of Limitations*

Brown moves to dismiss Ms. Wood's Counts 12-15 on statute of limitations grounds. The FMLA imposes a two-year limitations period that begins on "the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). It provides for a longer three-year statute of limitations if a defendant acted willfully, requiring a plaintiff to show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Hillstrom v. Best W. TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 123, 133 (1988)). Ms. Wood filed her Complaint on November 19, 2024.

Ms. Wood's Complaint, with all reasonable inferences, plausibly alleges instances of Brown's reckless disregard for her FMLA and RIPFMLA rights, including interfering with her right to leave and ultimately retaliating against her for taking such leave, specifically by terminating her employment while on protected leave. These allegations, accepted as true, satisfy the pleading standard for willfulness.[4]

---

[4] This is especially true at this early stage of the litigation before discovery takes place and the facts are fleshed out.

4

*Conclusion*

The Court DENIES Brown's Motion to Dismiss Counts 12 through 15 for the reasons stated above. The Court DISMISSES Counts 1 through 4 and 6 through 9 as conceded by Ms. Wood. So, Counts 5, 10, 12-15 survive.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

March 3, 2025